PARSONS v. SEELYE.

(Circuit Court of Appeals, First Circuit. February 26, 1900.)

No. 282.

**1. PATENTS—CONSTRUCTION OF CLAIMS.**

A device described in the specification and in some of the claims of a patent, but which is not referred to in other claims, cannot be considered an essential element of the mechanism described in the latter claims, where it is not necessary to the effective working of such mechanism.

**2. SAME—CONSTRUCTION—LEATHER-CUTTING MACHINE.**

The Parsons patent, No. 368,108, for a machine for cutting leather or other materials, in which direct driving from the main shaft was substituted for indirect driving by the countershaft, in combination with a heavy or momentum pulley, which rotates continuously, and a clutch mechanism, by which the power stored in such pulley can be utilized intermittently, being applied at the instant required to deliver the cutting stroke, and instantly released, accomplishes a result which is new and useful, and involves invention. The counterweight described in the specification is not an essential element of the mechanism described in claims 3, 4, and 5, and such claims are infringed by a machine which contains all the elements therein shown, although it does not use a counterweight.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 92 Fed. 1005.

Frederick P. Fish and Bowdoin S. Parker, for appellant.
James E. Maynadier and William Maynadier, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. We think the Parsons patent is a meritorious one, and should be upheld in its substantial features. The error of the court below resulted largely from the view there taken that Parsons merely substituted one well-known driving mechanism for another, or, in other words, that he simply applied to a main shaft the same mechanism that was formerly applied to countershafts. Our conclusion is that he did more. All seem to agree that the heavy, positive, forceful "momentum stroke," as it is called, is desirable, in that it renders a machine of the class in question effective for commercial purposes. We need not and do not rest the decision of this case alone upon the ground that Parsons was the first to substitute in this class of machines direct driving upon the main shaft for indirect driving upon the countershaft. That feature was simply an element in the combination. The application of the power, however, to the main shaft of a machine intended to be used in the leather-cutting industry was desirable, and combining this idea with an ingenious mechanism which should utilize the power intermittently, and with the desired and necessary impetuous momentum force, accomplished a result which was new and useful, and one which involved invention. The Parsons idea of putting the driving power upon the main shaft, with means

for engaging and using momentum force at the exact instant needed, was an inventive contrivance, and an ingenious employment of mechanical means for making the machine practically operative and effective.

Counsel for the patentee describe the mechanism of the plaintiff's combination as follows:

"The Parsons device consists of a heavy momentum and belt wheel rotating continuously, to which the relatively light shaft and clutch of the machine are attached when the time comes for giving the beam one complete stroke. When this attachment is made (it is done by the operator putting his foot on the treadle), the power applied to the heavy wheel, and the power stored in it by its previous revolutions, moves the beam down and up with a definite, positive stroke, such as could never be obtained by the countershaft and gearing of the old art, and, as already shown, by reason of this change, the machine, as compared with the old style it succeeded, can do much more work with less power, with greater safety to the operator, and with less breakage, and with a better cutting stroke."

It is also claimed that the contrivance is new, and we think it is. It is, at least, an original and useful combination of known elements and mechanisms. The fly or momentum wheel, though mounted on the main shaft, is not rigidly attached, but revolves continuously and freely when the belt power is applied. It becomes rigid with the power shaft when the clutch mechanism is made to act, and this is accomplished, as has been said, by placing the foot upon the treadle, when the belt power and the gathered force of the momentum wheel engage and become one, and the force of the blow is thus augmented. When the blow is delivered, and the foot removed from the treadle, the momentum power and the belt power instantly disengage, the machine stops, and the combined momentum and belt wheel revolves again independently and freely upon the driving shaft.

It is hardly worth while to restate, upon the question of novelty and invention, what has been said so many times by way of illustration, that an arrangement which before was unknown or clouded in mystery may seem simple to the ordinary mind after the thing is done. It is oftentimes sufficient to say that the thing is useful, and, when the new scheme for arranging old elements and using power is universally adopted in place of the old, it is somewhat difficult to resist the conclusion that the new is a substantial improvement upon the older conditions. It is quite possible that the momentum force, superadded to the belt power, is a more valuable element in the combination than the patentee realized; but this is hardly a reason for defeating the demonstrated practical usefulness of such superadded power as an element in the combination; for, as said in Potts & Co. v. Creager, 155 U. S. 597, 606, 15 Sup. Ct. 194, 198, 39 L. Ed. 275, 279, "doubtless a patentee is entitled to every use of which his invention is susceptible, whether such use be known or unknown to him." This expression is, perhaps, not strictly applicable to the situation here, but it means that a man may, under certain circumstances, be protected in building stronger than he knows. And in this sense it is broad enough to include the idea that, if the momentum element which was described, or at least illustrated by the

drawings, becomes, in practical operation, a more potent and efficient element than was understood, still the patent should not be rendered invalid for that reason. See, also, Wright & Colton Wire-Cloth Co. v. Clinton Wire-Cloth Co., 14 C. C. A. 646, 67 Fed. 790, 792. The claims and the specification clearly enough point out that the action of beam, E, upon the cutting dies is produced by means of pulley, G, and clutch, H, the clutch being rigidly secured upon the shaft, while the pulley is loose, except when forced into frictional contact with the clutch. Thus, the idea is apparent that the pulley, G, was to run freely on the shaft, and that the force was to be engaged by means of clutch, H, and that the force would cease to act when contact between clutch, H, which was rigidly attached to the shaft, and pulley, G, which combined the momentum and belt power, ceased to exist. Reading, therefore, claims 3, 4, and 5, in connection with the specification and the drawings, as explained by the testimony of the experts, it is evident that the inventor had in mind the superadded impetuous momentum force which it was intended should assist in delivering an impetuous, but well-sustained, stroke.

The court below took the view that it could not disregard what the patentee terms one of the most important features of his invention, that of counterweighting the beam, E; and upon this view the counterweighting was there treated as a necessary and important feature of the mechanism described in claims 3, 4, and 5, and, as the defendant's machine did not employ the counterweighting feature, that infringement did not exist. We cannot take this view, for the reason that the counterweighting feature is not stated as an element of either claims 3, 4, or 5, and it is not essential to the effective operation of the mechanism described in such claims. The feature of counterweights, therefore, is quite foreign to the combination of elements involved in the intermitting and driving mechanism expressly described in these claims. It is true that counterweights are included in claims 1, 2, 6, and 7, as a specific element of the combination there described; but these claims are abandoned, so far as this case is concerned, for that reason. But the idea that the inventor deemed counterweights essential, under claims 3, 4, and 5, where they are not named as an element, is not expressed, and it is not easy to assume that they were a necessary element of the combination described in such claims. Moreover, while they are described as an important feature, the general expression describing such feature is limited by what follows, wherein he describes their function as relating to the balance and cross balance in heavy machines. It is quite possible that Parsons overestimated the importance of this feature in this respect; but, under the circumstances, we do not think this general remark, afterwards materially qualified, and limited to the function of maintaining balance and cross balance in heavy machines, should be read into claims 3, 4, and 5, where it does not exist, where it was not expressed, and where it is not essential, as all concede, for the purpose of operating that which is quite complete without it.

As has been said, the counterweighted clutch idea was used in

claims 1, 2, 6, and 7, but all express reference to it was carefully omitted from claims 3, 4, and 5; and while the extravagant expression as to counterweights, used in the specification, involves an overestimate of the importance of this feature, and is in a sense general, yet it ought, under the circumstances of this case as presented and explained by the evidence, to be accepted as having reference only to the claims wherein it is mentioned.

The counterweight idea is expressed in claim 1 as "a counterweighted clutch mechanism," in claim 2 as "a counterweighted brake wheel and clutch mechanism," in claim 6 as "the counterweighted clutch mechanism," and in claim 7 as "counterweighted clutch, H"; and it is significant that in claims 3, 4, and 5 the idea of counterweight is wholly omitted. It is still more significant that "clutch, H," as used in claims 3 and 4, is simply "clutch, H," rather than the "counterweighted clutch, H," as expressed in claim 7, for thus these claims manifestly differentiate themselves in respect to counterweights; and it is fair to conclude that there was a reason for this, and that the inventor simply intended in claims 3 and 4 clutch, H, without counterweights, but with mechanism to exercise the function of engaging the belt and momentum power.

As has been observed, this feature of counterweights is not in claims 3, 4, and 5, but is involved only in an assertion in the specification as to what is preferable or important in this respect in connection with heavy machines of this class; and therefore we cannot accept it as forcibly applying itself as an essential element in the claims, where it is neither named nor necessary. So, we are not confronted with the difficulty which would exist if the counterweights were named in such claims as an element of the combination. The rule is perhaps fairly enough stated in Walker on Patents (section 349), where it is said: "A patentee may, however, describe all the devices in his machine or manufacture, and, instead of claiming all or any particular portion of them in combination, may claim so much of the described mechanism as produces a particular described result." See, also, Silsby v. Foote, 14 How. 218, 14 L. Ed. 394. Therefore it is sufficient to say that the counterweights were not an essential element of the mechanism described in either claim 3, 4, or 5, neither were they necessary to the effective work of the operating mechanism involved in the clutch and driving devices, which were described in connection with other elements in these claims. The counterweighting has no function whatever, in connection with the driving mechanism or with the clutch, or with any of the things necessary to make the machine do the work intended to be done. The idea of counterweighting is, at the most, simply an idea embodied in a suggestion or assertion of something important or necessary to protect the machine, and prevent it from going to pieces, under the destructive forceful stroke produced by the direct driving mechanism, as augmented and sustained in its delivery by the energy and momentum force stored in the heavy and rapidly revolving fly wheel. The power of the Hawkins machine is on a countershaft, and, while it does possess many of the elements of claims 3 and 4 of the Parsons patent,

it does not possess that of the pulley, G, and the clutch, H, rigidly attached on the main shaft, the leading and important features of the Parsons patent, and therefore is not an anticipation thereof.

The British patents—the one to Bugg and the one to Gimson—have no clutch mechanism or any other device for intermitting the power. The machines run continuously, and are not intended for the class of work which the Parsons machine is intended to do, and could not do the work which the Parsons machine does do. The leading idea of the Parsons patent was to combine various and necessary elements on a single shaft, with the mechanism so arranged as to suddenly take hold of the direct driving force for the purpose of delivering a heavy and well-sustained stroke, and, when the stroke is delivered, to as suddenly let go, and leave the heavy fly wheel to freely and rapidly continue its revolutions on the main shaft for the purpose of gathering the needed momentum power for another and a similar stroke. The Parsons mechanism, with or without the counterweight, is effective for that purpose. No other machine before it was. It is capable of doing, and is doing, an important work in its field of operation, and the invention involved in the combination which produces this result should be sustained.

The defendant's infringing machine does not use a counterweight, but does employ all the essential features of the combination described in claims 3, 4, and 5 of the Parsons patent, and therefore is an infringing machine. The decree of the circuit court is reversed, with costs, and this case is remanded to that court, with directions to enter a decree for the appellant in accordance with the views herein expressed.

PUTNAM, Circuit Judge, concurs as to claim 5.